**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| CITY OF MENTOR, ) | ) |
| Plaintiff/Counter-Defendant, ) | Case No. 12-cv-02264 |
| ) | |
| v. ) | Judge James S. Gwin |
| ) | |
| CHENOSA SYSTEMS CORPORATION ) | **MEMORANDUM IN OPPOSITION TO** |
| d/b/a PROPHOENIX ) | **PLAINTIFF'S MOTION TO** |
| ) | **REDESIGNATE EXPERT AND** |
| ) | **FOR AN EXTENSION OF TIME** |
| Defendant/Counter-Plaintiff. ) | **TO FILE EXPERT REPORT** |
| ) | |

Defendant Chenosa Systems Corp. d/b/a ProPhoenix ("ProPhoenix"), by and through its

undersigned counsel, files this Memorandum of Law in Opposition to Plaintiff, the City of

Mentor's ("City"), Motion to Redesignate Expert and for an Extension of Time to File Expert

Report.

<u>Plaintiff's Motion Papers are Insufficient as a Matter of Law</u>

In its moving papers, the City claims that its only timely identified expert, Stephen A.

Rogers, has come down with an undisclosed medical ailment which prevents him from any

further participation in this case.  Although the City attached to its moving papers an email

purporting to be from Mr. Rogers's wife, this document has not been authenticated.  In fact, the

City's papers, which do not include a single citation to legal authority, were not accompanied by

any certification or affidavit attesting to the facts which form the basis of its application for

relief.  Excusing the City's attempt to create facts by fiat, the nature and extent of Mr. Rogers's

sudden disability has not been disclosed. Accordingly, the Court should deny the City's motion for its factual and legal insufficiency.

<u>Plaintiff's Motion Is Mooted by ProPhoenix's *Daubert* Motion</u>

As the Court is aware, ProPhoenix timely filed a Motion to Exclude Expert Report and for Summary Judgment on February 25, 2013. (Docket #36). If the Court were to grant ProPhoenix's motion, Plaintiff's motion seeking permission to redesignate an expert and for an extension of time to file a replacement expert report would be moot. As such, the Court should hold the City's discovery motion in abeyance until after it has ruled on ProPhoenix's recent *Daubert* motion.

Indeed, Mr. Rogers's presumed incapacity need not have any bearing on the Court's resolution of ProPhoenix's *Daubert* motion. As set out more fully in ProPhoenix's earlier motion, Mr. Rogers's report substantially and materially fails to meet the requirements of the Federal Rules and the *Daubert* line of cases on its face. (Docket # 36). No testimony by Mr. Rogers, either in a hearing or at a deposition, can save his improper report. *Id.* Indeed, ProPhoenix's motion asks the Court to enter an Order barring any testimony by Mr. Rogers. *Id.* Accordingly, ProPhoenix respectfully requests that the Court hold the City's motion in abeyance and first rule on ProPhoenix's motion to exclude expert report and for summary judgment.

<u>The Relief Plaintiff Seeks Would Severely Prejudice ProPhoenix</u>

The City's requested relief would necessitate a dramatic departure from current case deadlines and impose additional severe prejudice on ProPhoenix. The City has requested an unspecified amount of time in which "to search for and retain a new expert witness" and a further unspecified amount of time for any newly retained expert to compose and file a replacement expert opinion. (Moving Br. at 2).

2

9460873v1

Even making the untenable assumption that the City was able to serve a replacement expert report by March 15, 2013, this would still require pushing the deadline for ProPhoenix to object to the City's new expert into April if not May.  Permitting the City to submit a replacement expert report will also require that ProPhoenix prepare and serve a second expert rebuttal report.  These are costly endeavors that ProPhoenix has already undertaken once. Indeed, ProPhoenix has incurred enormous cost in connection with its expert preparing and serving his rebuttal report and most recently his interim affirmative report.[1]  Compelling ProPhoenix to expend its limited litigation resources on this repeat exercise while simultaneously distracting its expert from focusing on assisting ProPhoenix's counsel to complete discovery and prepare for trial would be unfair and highly prejudicial.  *See, e.g., Scheel v. Harris*, No. 3:11-17-DCR, 2012 U.S. Dist. LEXIS 126448, at *37 (E.D. KY Sept. 6, 2012) (refusing to permit plaintiff to substitute experts in part because of prejudice to defendants in the way of repeat *Daubert* motions and the potential for a delay of trial).  In fact, the additional fees and costs ProPhoenix would incur if the Court were to give the City a "do over" at this point would result in expert fees and costs that are highly disproportionate to the amounts at issue in this case, a burden that ProPhoenix should not be forced to bear.

Accordingly, because the City's requested relief will cause prejudice to ProPhoenix, the Court should deny the City's motion.

---

[1] Pending this Court's decision on ProPhoenix's motion to extend expert report deadline, ProPhoenix's expert, Jeff Parmet, completed an interim affirmative report which was served on the City on the original deadline, February 26, 2013.  (Docket #34).  The report served on the City on February 26, 2013 was an interim report because the City did not give Mr. Parmet access to the copy of the ProPhoenix software the City is holding in advance of the original February 26, 2013 deadline.  The City consented to ProPhoenix's request for an extension of time to serve its affirmative expert report.  *Id.*

3

<u>The Relief Plaintiff Seeks Is Not Appropriate</u>

Arguments regarding the merits of the City's application aside, the City's requested relief is entirely excessive. *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) (affirming district court's decision to permit substitution of an expert but limiting replacement expert's testimony to the text of the original expert's report). Even if the Court were inclined to grant the City's application, Mr. Rogers's surprise unavailability is no reason for the City to get a proverbial "second bite" at adducing convincing expert testimony so long after its deadline to identify its testifying expert and serve his report. *Id.* The City should not be permitted to capitalize on Mr. Rogers's alleged sudden health problems to cure his fatally deficient report by offering a new report from a different expert to buttress and supplement its original expert's opinion and report. *Id.*

The Court should fashion more measured and appropriate relief than what the City has requested. For example, the Court could direct that the City expeditiously identify a replacement expert but that any replacement expert be limited by the text of Mr. Rogers's original expert report. The Sixth Circuit considered a similar situation in *Roberts* and endorsed this more restrained and balanced relief. 325 F.3d 776, 784 (6th Cir. 2003):

> By refusing to allow [the replacement expert] to testify to matters outside of the [original expert's] report, the district judge prevented [defendant] from deviating from [the original expert's] prior conclusions. This sensible compromise allowed [defendant] to replace its expert without unfairly surprising [plaintiff] with unexpected new opinions. This solution was an equitable one, consonant with both the text and logic of Rule 37(c)(1).

*Id.; see also Dennis v. Sherman*, No. 1:08-cv-01055-JDB-egb, 2010 U.S. Dist. LEXIS 106502, (following *Roberts* and rejecting substitute expert when proffered opinions differed from original expert's opinions). If the Court does grant the City's motion, it should not grant the relief sought

4

by the City but should instead limit any replacement expert retained by the City to the opinions, conclusions, and text of Mr. Rogers's original affirmative report.

Conclusion

For the foregoing reasons, Defendant ProPhoenix respectfully requests that the Court hold the City's motion to redesignate expert and for an extension of time to file expert report in abeyance until it rules on ProPhoenix's motion to exclude expert report and for summary judgment. Should the Court come to rule on the City's present motion on the merits, ProPhoenix respectfully requests that the Court deny the City's requested relief and instead order that any replacement expert be limited in their testimony, opinions, and conclusions to the expert report of Stephen A. Rogers which the City has already served and filed.

Respectfully submitted,

Dated: February 28, 2013

*/s/ Mark I. Wallach*
Mark I. Wallach (0010948)
THACKER MARTINSEK LPA
2330 One Cleveland Center
1375 E. 9th Street
Cleveland, OH 44114
Telephone: (216)456-3840
Facsimile: (216)456-3850
mwallach@tmlpa.com

Joseph A. Martin, Esq.
Pro Hac Vice
Darth M. Newman, Esq
Pro Hac Vice
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033
Tel. (856) 795-2121
Fax (856) 795-0574
Attorneys for Defendant/Counterclaimant

5

9460873v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *Memorandum in Opposition to Plaintiff's Motion to Redesignate Expert and for an Extension of Time to File Expert Report* was filed electronically this 1st day of March, 2013 in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System. The parties may access this filing through the Court's Electronic Case Filing System.

/s/ *Mark I. Wallach*
Attorney for Defendant/Counterclaimant